UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**EDWARD HARRISON MIDGETT**                                                              **PLAINTIFF**

v.                                                              CIVIL ACTION NO. 5:11-CV-P132-R

**KSP HEAD CHAPLAIN** *et al.*                                                         **DEFENDANTS**

## MEMORANDUM AND ORDER

Plaintiff Edward Harrison Midgett, a convicted inmate confined to the Kentucky State Penitentiary (KSP), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging First Amendment violations. He sued the KSP Head Chaplain and KSP Officer Tyree in their individual and official capacities seeking monetary and punitive damages and injunctive relief. On initial review of the complaint pursuant to 28 U.S.C. § 1915A, the Court allowed Plaintiff's complaint to proceed past the screening stage for further development.

This matter is before the Court on Defendants' motion to dismiss or, in the alternative, motion for a more definite statement (DN 8). Plaintiff filed a document with no caption (DN 9), which the Court construes as a response to Defendants' motion. Upon consideration, the motion to dismiss will be granted in part and denied in part.

## I. MOTION TO DISMISS

"The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

In their motion, Defendants identify themselves as "unidentified KSP Head Chaplin and insufficiently identified Officer Tyree." Defendants seek dismissal, arguing that Plaintiff (1) failed to prove exhaustion of his administrative remedies; (2) failed to plead specific facts sufficient to maintain this action; (3) cannot claim monetary damages; and (4) untimely filed the complaint. Each argument is addressed in turn.

    *A. Exhaustion*

Defendants first argue that Plaintiff failed to demonstrate exhaustion of administrative remedies as mandated by Ky. Rev. Stat. § 454.415. They state that the Department of Corrections has a grievance procedure that is set out in Corrections Policy and Procedure 14.6, which they attach to their motion. Defendants assert that dismissal is warranted because Plaintiff

failed to comply with § 454.415(3) requiring an inmate to attach to any complaint filed documents verifying that administrative remedies have been exhausted.

This action is a federal action brought under a federal statute, not under state law. Thus, Ky. Rev. Stat. § 454.415 has no application to this case. Rather, this action is governed by 42 U.S.C. § 1997e(a), part of the Prison Litigation Reform Act (PLRA), which provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). However, "failure to exhaust administrative remedies under the PLRA is an affirmative defense that must be established by the defendants." *Id.* at 225 (citing *Jones v. Bock*, 549 U.S. 199, 204 (2007)). Thus, Plaintiff is not required to demonstrate exhaustion in his complaint, and Defendants have not attached any affidavit(s) or other evidence demonstrating that Plaintiff failed to file any grievance related to the matters at hand. Because Defendants have failed to establish Plaintiff's failure to exhaust available administrative remedies, the motion to dismiss will be denied in this regard.

### B. *Sufficiency of the facts*

Defendants next argue that Plaintiff fails to state any fact which might show a causal connection between unidentified KSP Head Chaplain and insufficiently identified Officer Tyree and any alleged constitutional violation.

In the complaint, Plaintiff asserted that he is bringing a "Religious Prosecution-Lawsuit," and he described two claims. First, he reported that "an officer" shook down his cell and "illegally-confiscated, 'my Wiccan, Materials.'" He stated that I.A. (presumably Internal Affairs)

Officers ordered the Senior Chaplain to replace the material and gave her two years to do so, "and I've given-Her an-extra 7-month's, to-do; so, and, it-wasn't, done." Instead, claimed Plaintiff, he was transferred to Luther Luckett Correctional Complex. Second, Plaintiff claimed that on June 12, 2011, Officer Tyree took his "B.O.S."[1]

> In response to the motion to dismiss, Plaintiff states:
>
> I assert that I received a complete version of Book of Sodows at Luther Luckett and when I cam to KSP it was illegally taken by CO Tyre Boyd during a cell search. After complaining to Mr. Yearger from Internal Affairs Chaplain Shelia Burham was ordered to replace it. She was given 2 full years but failed to even try. After 2 yrs and 9 months I filed a Grievance, which led to this civil suit being filed.
>
> This CO Tyre Boyd even took a crude copy I had made myself on a different date simply because it was not an actual Book from a Publisher. Of course KSP staff have made no attempts to prevent CO Boyd from violating my right to practice my Wiccan religion.

Although neither the complaint nor the response is a model of clarity, the Court concludes that Plaintiff has sufficiently identified Defendants and the First Amendment claims against them. As to the identity of the Defendants, Plaintiff sues the KSP Head Chaplain in the complaint. The Court finds it likely, however, that there is only one Head Chaplain at KSP, and Plaintiff clarifies that the chaplain is Sheila Burham in his response. Similarly, the Court finds it unlikely that there are multiple Officer Tyree's working at KSP, and Plaintiff provided a last name, Boyd, in his response. As to the First Amendment claims, Plaintiff is complaining about two different incidents. One incident involving the KSP Head Chaplain and Officer Tyree occurring over two years ago, when Officer Tyree confiscated his Wiccan materials and the KSP

---

[1] It appears that Plaintiff is referring to the Book of Shadows, "a journal, blank book, or notebook in which a Wiccan records entries regarding his spiritual experiences." *Pugh v. Caruso*, No. 1:06-cv-138, 2010 WL 3810081, at *3 n.2 (W.D. Mich. Aug. 25, 2010).

Head Chaplain refused to replace them, and another incident involving only Officer Tyree in June 2011, when he confiscated a copy of the B.O.S.

Finding that Plaintiff has sufficiently pled facts against sufficiently identified Defendants, the Court will deny Defendants' motion to dismiss on this ground.

### C.  *Official-capacity claims for monetary damages*

The Court will grant Defendants' motion to dismiss the official-capacity claims for monetary damages on two bases.  First, Defendants, as state officials sued in their official capacities for damages, are absolutely immune from liability under the Eleventh Amendment to the United States Constitution.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity.").  Second, Defendants sued in their official capacities for damages are not "persons" subject to suit within the meaning of § 1983.  *Will*, 491 U.S. at 71 (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim); *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994) (same).

### D.  *Statute of limitations*

The statute of limitations for 42 U.S.C. § 1983 actions is governed by the limitations period for personal injury cases in the state in which the cause of action arose.  *Wallace v. Kato*, 549 U.S. 384, 387 (2007).  In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1).  *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990).  Although state law establishes the statute of limitations for § 1983 actions, federal law controls on the issue of when the statute of limitations begins to run.  *Sevier v.*

*Turner*, 742 F.2d 262, 272 (6th Cir. 1984). Federal law establishes that the § 1983 statute of limitations accrues when the plaintiff knew or should have known of the injury that forms the basis of the claim alleged in the complaint. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001).

Defendants state that Plaintiff explicitly states in his complaint that "I.A. officials ordered the senior chaplain to replace the material and gave her 2 years to do so and I've given her an extra 7 months to do so." They claim that this would indicate that the incident about which Plaintiff complains occurred at least two years and seven months ago, which would serve as the starting point for a statute-of-limitations analysis. Defendants therefore contend that the complaint, filed in August 2011, is time barred.

The Court agrees with Defendants in part. As aforementioned, the complaint contains two claims. One occurring over two years ago and involving both Defendants. Plaintiff knew that his Wiccan materials were confiscated by Officer Tyree during a cell search at the time it happened, and by not filing that claim against him until well over two years after the confiscation occurred, that claim against Officer Tyree is time-barred. The same is true with respect to the claim against the KSP Head Chaplain. Plaintiff knew that Internal Affairs ordered her to replace the book over two years ago, and by not filing his claim against her within one year of the order, the claims against her also must be dismissed as untimely.

As to the second claim, that Officer Tyree took Plaintiff's "B.O.S." in June 2011, it is timely and will proceed.

Accordingly, the Court will grant the motion to dismiss on statute-of-limitations grounds as to the KSP Head Chaplain and Officer Tyree with respect to the incident occurring over two years ago and deny the motion to dismiss as to the incident involving Officer Tyree in June 2011.

## II.  MOTION FOR MORE DEFINITE STATEMENT

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "[A] motion for more definite statement is designed to strike at unintelligibility rather than simple want of detail. . . . [It] must be denied where the subject complaint is not so vague or ambiguous as to make it unreasonable to use pretrial devices to fill any possible gaps in detail." *Fed. Ins. Co. v. Webne*, 513 F. Supp. 2d 921, 924 (N.D. Ohio 2007) (citations and internal quotation marks omitted). "Federal courts generally disfavor motions for more definite statements[, and i]n view of the notice pleading standards of Rule 8(a)(2) and the opportunity for extensive pretrial discovery, courts rarely grant such motions." *Id.*

Upon consideration, the Court finds that Plaintiff's complaint, while not the most clearly drafted, is not so ambiguous as to prevent the filing of an answer. The Court was able to read the complaint on initial review and determine that Plaintiff stated First Amendment claims. The claims against the KSP Head Chaplain (Sheila Burham) are dismissed, and the only remaining claim is the claim that Officer Tyree (Officer Tyre Boyd) illegally confiscated Plaintiff's B.O.S. in June 2011 in violation of the First Amendment. Consequently, the motion for more definite statement will be denied.

### III.  ORDER

For the reasons set forth more fully above, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Defendants' motion to dismiss (DN 8) is **GRANTED in part and DENIED in part.**  It is **GRANTED** with respect to the official-capacity claims for damages and the First Amendment claim against Defendants KSP Head Chaplain and Officer Tyree as relates to the incident occurring over two years ago.  It is **DENIED** in all other respects.

**IT IS THEREFORE ORDERED**, as a matter of law, that the official-capacity claims for damages are **DISMISSED**; that all claims against Defendant KSP Head Chaplain are **DISMISSED**; and that the First Amendment claim against Defendant Officer Tyree as relates to the confiscation incident occurring over two years ago is **DISMISSED**.

The **Clerk of Court is DIRECTED** to terminate the KSP Head Chaplain as a party to this action.

**IT IS FURTHER ORDERED** that the motion for a more definite statement (DN 8) is **DENIED**.

Defendant Officer Tyree in his individual-capacity for damages and injunctive relief and official-capacity for injunctive relief must file an answer within **14 days** of entry of this Order. *See* Fed. R. Civ. P. 12(a)(4).

Date:

cc:     Plaintiff, *pro se*
        Counsel of Record
4413.005