UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

EDWARD HARRISON MIDGETT                                                   PLAINTIFF

v.                                               CIVIL ACTION NO. 5:11-CV-P132-R

KSP HEAD CHAPLAIN *et al.*                                              DEFENDANTS

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Tyree's motion to alter, amend, or vacate two orders of the Court (DN 12).  Plaintiff did not file a response.

**(1)  *Motion to alter, amend, or vacate a portion of this Court's Memorandum and Order entered September 17, 2012.***

By Memorandum and Order entered September 17, 2012, the Court granted in part and denied in part Defendants'[1] motion to dismiss.  In denying the motion, the Court allowed the First Amendment claim that Officer Tyree (Officer Tyre Boyd)[2] illegally confiscated Plaintiff's religious material in June 2011 to continue against that Defendant in his individual capacity for damages and injunctive relief and in his official capacity for injunctive relief.  In reaching that conclusion, the Court disagreed with several of Defendants' arguments, but particular to the pending motion to alter, amend, or vacate, the Court disagreed with Defendants' argument that Plaintiff had insufficiently identified Officer Tyree.  The Court found it unlikely that there are multiple Officer Tyree's working at KSP and added that Plaintiff had provided a last name,

---

[1]Defendants Kentucky State Penitentiary (KSP) Head Chaplain and KSP Officer Tyree filed the motion to dismiss.  The Court granted the motion to dismiss as to the claims against the Head Chaplain.

[2]In the complaint, Plaintiff identified Officer Tyree as a Defendant, and in his response to the motion to dismiss, Plaintiff identified that Defendant as Officer Tyre Boyd.

Boyd, in his response.  The Court further denied Defendants' motion for a more definite

statement and directed Defendant Officer Tyree to file an answer within 14 days.

Instead of filing the answer, counsel for Defendant filed the instant motion to alter,

amend, or vacate this Court's Memorandum and Order to the extent it determined that Plaintiff

has sufficiently identified Officer Tyree.  Counsel states:

> [T]he undersigned counsel has attempted to comply with this Court's Order and
> identify any Kentucky State Penitentiary ("KSP") correctional officer named
> "Officer Tyree" or "Officer Tyree Boyd," yet the undersigned has been unable to
> identify any present or former correctional officer who worked at KSP during the
> relevant time frame with either of those names.  While there is a correctional officer
> named Kelly Tyree, CO Tyree has been stationed at the Northpoint Training Center
> for many years and there is no indication, either in the Plaintiff's Complaint or DOC
> records, that CO Tyree and the Plaintiff ever crossed paths at KSP.  Moreover, while
> there are a number of correctional officers employed or formerly employed by KSP
> with names that appear to be reasonable permutations of the names "Tyree" and
> "Boyd," there are no correctional officers stationed at KSP with either the first or last
> name "Tyree" or the first or last name "Boyd."

Upon consideration, the Court concludes that Plaintiff should have the opportunity to use

the discovery period to pursue this issue.  Likely, a report of some sort was made with respect to

the incident in question and/or a grievance was filed as to this matter.  Moreover, counsel's

findings are not supported by certified copies of Department of Corrections' records and/or

affidavits, and since supporting documentation is required, the argument would need to be raised

in a motion for summary judgment.  Finally, counsel entered an appearance on behalf of

Defendant by filing the motion to dismiss on behalf of "insufficiently identified Officer Tyree."

The Court sees no reason counsel could not file an answer as well.

Accordingly, **IT IS ORDERED** that the motion to alter, amend, or vacate a portion of

this Court's September 17, 2012, Memorandum and Order (DN 12) is **DENIED**.

Defendant Officer Tyree (Officer Tyre Boyd) must file an answer within **14 days** of entry of this Order.  *See* Fed. R. Civ. P. 12(a)(4).

*(2)  Motion to alter, amend, or vacate the Court's Amended Scheduling Order entered September 28, 2012.*

In the Amended Scheduling Order, the Court mistakenly referred to individuals who are not parties to this action.  **IT IS THEREFORE ORDERED** that Defendant's motion to alter, amend, or vacate the Court's September 28, 2012, Amended Scheduling Order (DN 12) is **GRANTED** and that the September 28, 2012, Amended Scheduling Order (DN 11) is **VACATED**.

**IT IS FURTHER ORDERED** that the Court's original Scheduling Order (DN 6) is **AMENDED** as follows:

(1)      The parties shall complete all pretrial discovery herein no later than **December 26, 2012**.  As a requirement of discovery, Defendant's counsel shall produce to Plaintiff all records or documentation which are relevant to the remaining claims.  **Counsel shall certify that the production is complete and shall file the certification with the Court**. Within the same time, Plaintiff shall provide counsel for Defendant any records or documentation relevant to his remaining claims.  **Plaintiff shall certify that production is complete and shall file the certification with the Court**.  A party who wishes to file discovery material with the Court must comply with Federal Rule of Civil Procedure 5(d).  *See* Fed. R. Civ. P. 5(d)(1) ("[T]he following discovery requests and responses *must not* be filed until they are used in the proceeding or the court orders filing:  depositions, interrogatories, requests for documents . . ., and requests for admission.") (emphasis added).

3

(2)     No later than **January 25, 2013**, Plaintiff shall file a pretrial memorandum setting forth in detail all facts upon which he bases his claims in this matter against Defendant.

(3)     No later than **February 25, 2013**, Defendant shall file a pretrial memorandum.  In lieu thereof, or if Plaintiff fails to file the required pretrial memorandum, Defendant may file any dispositive motions, including motions for summary judgment pursuant to Federal Rule of Civil Procedure 56.

(4)     Either party may file dispositive motions at any time after providing the discovery required above or after providing sufficient reason why discovery is unnecessary for resolution of the pending motion.  All dispositive motions shall be filed no later than **February 25, 2013.**

(5)     If any party wishes additional time to complete any of the actions directed above, a motion requesting any such extension must be filed with the Court before any such deadline expires.  Any such motion to extend any time should indicate the reasons for extension.  The Court will not grant an extension unless good cause is shown.

Plaintiff is **REMINDED** of his continuing obligation to keep the Court informed of any address change.

Date:

cc:     Plaintiff, *pro se*
        Counsel of Record
4413.005

4