UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**EDWARD HARRISON MIDGETT**                                            **PLAINTIFF**

v.                                                    **CIVIL ACTION NO. 5:11-CV-P132-R**

**KSP HEAD CHAPLAIN** *et al.*                                           **DEFENDANTS**

## MEMORANDUM OPINION

By Order entered June 25, 2013, the Court directed Plaintiff to complete a summons form for Defendant Officer Tyer and return it to the Court for service by the U.S. Marshal (DN 15). The Court warned Plaintiff that his failure to comply within 30 days may result in dismissal of the action. On July 15, 2013, the U.S. Postal Service returned Plaintiff's copy of the Order to the Court (DN 16). The envelope was marked "Return to Sender, Refused, Unable to Forward." More recently, on August 21, 2013, the Court received a letter from the Kentucky State Penitentiary advising that Plaintiff has "been paroled & released" (DN 17).

Upon filing the instant action, Plaintiff assumed the responsibility to keep this Court advised of his current address and to actively litigate his claims. *See* Local Rule 5.2(d) ("All pro se litigants must provide written notice of a change of address to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions."). Additionally, in the Scheduling Order, the Court warned Plaintiff that his failure to notify the Clerk of Court of any address change may result in dismissal of this case (DN 6).

Because Plaintiff has not provided any notice of an address change to the Court, neither orders or notices from this Court nor filings by Defendants can be served on him. Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Because it appears to this Court that Plaintiff has abandoned any interest in prosecuting this case, the Court will dismiss the action by separate Order.

Date:

cc: Plaintiff, *pro se*
      Counsel of Record
4413.005